*197
 
 Ruffin, C. J.
 

 Several objections were taken at the bar to the recovery: but it is sufficient to consider one of them, as the Court deems that fatal. Supposing, then, that the action is properly brought in the individual capacity of the plaintiff, and also that the promise is to be deemed joint and not construed with reference to the previous several liabilities of the next of kin ; still the action will not lie, because the promise was not in writing.— The argument for the plaintiff is, that the defendants were bound in equity to exonerate the plaintiff from the payment of the judgment, or to reimburse to him what he might pay on it: and that such a liability willsuppoit an express promise to pay the money. Without saying how far next of kin may, on account of distributive shares received, be liable in equity to creditors upon the
 
 devasta-vit
 
 and insolvency of the administrator, and admitting such liability for the purposes of the present question, and also that an equitable liability will sustain an express promise at law, yet it will not follow, that this verbal promise by two of the next of kin will maintain this joint action against them. If an equitable liability be a good consideration, it is so as far only as the liability went; for even forbearance will notuphqld a promise to pay an unfounded demand. If, then, a Court of law can recognise an equitable liability as a consideration for a promise, it must follow, that the Court is obliged to. determine the extent of the liability, in order to ascertain, how far it is a sufficient consideration, and also whether the promise, founded on it, is such an one as may be oral or must be written — in other words, whether the equitable liability was that of the party promising, or of some other person. For the statute, which requires a promise to answer the debt of another to be in writing, must, of necessity, be construed to mean all debts, whether legal or equitable. Now, the liability to creditors of the defendants and their sister, as next of kin, was not joint,
 
 *198
 
 but arose, if at all, by reason of that portion of the assets of their father, which came to their respective hands a~s their several shares of the estate. Each was therefore liable for only an equal proportion of the money ; at all events, in the first instance, and while the others were able to pay their parts, which is not questioned here.— Hence, it is obvious, if one of the defendants had verbally promised to pay the whole of this demand, that the promise would not have been binding, under the statute of frauds, beyond his own one third: for, beyond that,the liability was not his own, but that of another. It seems clear, that an undertaking by the defendants in a joint form to pay the whole debt cannot alter the rule of law or the legal effect of the promise as to each, in that re* spect. For, if two persons owe another separate debts, then joint oral promise to pay both debts, cannot sustain a joint action, since it is a promise by each to answer for another in respect to all but his own original debt.— Therefore the plaintiff cannot have judgment in this action : not against both defendants, as there is no valid ■joint promise : nor against the defendants separately, as the plaintiff cannot have judgment against one defendant for a part of, his demand, and against the other for the residue.
 

 Per Curiam. Judgment reversed and judgment of non-suit.